**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **WILLIE STANLEY, JR.,** *on behalf of himself* *and all others similarly situated,* | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : **Civil Action No. 3:19-cv-297** |
| **HIRERIGHT, LLC** | : |
| | : |
| **SERVE:  Corporation Service Company** | : |
| **100 Shockoe Slip, 2ⁿᵈ Floor** | : |
| **Richmond, VA 23219** | : |
| | : |
| **Defendant.** | : |

## COMPLAINT

COMES NOW the Plaintiff, Willie Stanley, Jr., ("Plaintiff"), by counsel, and as for his Complaint against Defendant HireRight, LLC, ("HireRight"), he states as follows:

1.      This is a class action for statutory, actual, and punitive damages, costs, and attorney fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3.      The Plaintiff is a natural person residing within the Commonwealth of Virginia, and at all times relevant was a "consumer" as defined by 15 U.S.C. §1681a(c).

4.      HireRight is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered office in Richmond, Virginia.

5.     HireRight is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

6.     HireRight regularly engages in assembling, evaluating, and disseminating information regarding consumers for employment purposes to third parties as defined by 15 U.S.C. §1681a(d).

7.     Upon information and belief, the Defendant sells such consumer reports to third parties under contract for monetary compensation.

## STATEMENT OF FACTS

8.     On or about September 7, 2018, Plaintiff requested a copy of his full file from Defendant HireRight, LLC, and after receiving the Defendant's response, he reviewed numerous reports spanning over 40 pages for the first time that had been published about him by the Defendant to his various employers and potential employers over the years.

9.     One of these, a April 20, 2017, "MVR Express" report issued to the Plaintiff's prospective employer, First Transit, included obsolete adverse information that antedated the report by more than seven years in violation of the FCRA, specifically, a notation indicating the Plaintiff's driver's license had been suspended on March 24, 2007.

10.     Then, another "MVR Express" report issued on April 16, 2018, issued to First Transit, again included the March 24, 2007 license suspension, and further included a notation that Plaintiff's driver's license was suspended on March 18, 2011.

11.     The Defendant also published inaccurate criminal record information to First Transit on or about April 17, 2017 and May 4, 2017, specifically, and without limitation, with respect to a larceny charge that was ultimately nolle prossed; and a 2002 misdemeanor conviction.

12.     HireRight failed to notify Plaintiff "at the time" of the publication of the April 17, 2017 and May 4, 2017 reports that adverse public record information was reported about him to First Transit.

13.     Due to the Defendant's failure to comply with their respective duties under the FCRA, the Plaintiff suffered damages to include, but not limited to, publication of information to First Transit that was expressly prohibited by the unambiguous terms of the Fair Credit Reporting Act.

## COUNT I: Class Claim
## Violation of 15 U.S.C. § 1681c(a)(5)

14.     The Plaintiff restates each allegation in the preceding paragraphs 1 through 10, and 13 as if set forth at length herein.

15.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States and its territories (a) whose consumer report was published by HireRight, (b) within the two year period preceding the filing of this action and during its pendency, and (c) where such consumer report contained at least one notation of a driver's license suspension where the date of the imposition of the suspension as listed in the report predates the date of the report by at least 7 years. Excluded from the class definition are any employees, officers, or directors of HireRight, any attorney appearing in this case, and any judge assigned to hear this action.

16.     The Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical. Although the precise number of class members is known only to the Defendant, HireRight sells hundreds of thousands of reports annually, and Plaintiff believes that the class size exceeds 1,000 persons.

17.     The Plaintiff's claim is typical of those of the class members. All are based on the same narrow set of facts and legal theories: HireRight's publication of consumer reports that

included notations of driver's license suspensions violated the Fair Credit Reporting Act where the date of the imposition of the suspension preceded the date of the report by more than seven years.

18.     The Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff has retained counsel experienced in handling FCRA class actions. Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

19.     Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

20.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant acted on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole.

21.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually. Further, most consumers affected by the Defendant's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues, in this case, would be a waste of judicial resources. The issues at the core of this case are class-wide and should be resolved at one time.

22.      The Defendant's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

23.      As a result of Defendant's violations, the Plaintiff and putative class members suffered damages and are entitled to recover statutory and punitive damages and attorney fees and costs.

**COUNT II: Class Claim**
**Violation of 15 U.S.C. § 1681k**

24.      The Plaintiff restates each allegation in the preceding paragraphs 1 through 8, and 11 through 13 as if set forth at length herein.

25.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for himself and on behalf of a class defined as follows:

> All natural persons residing in the United States and its territories (a) whose consumer report was furnished by HireRight for employment purposes, (b) within the two year period preceding the filing of this action and during its pendency, (c) where such report contained driving record information likely to have an adverse effect upon the consumer's ability to obtain employment, and (d) who were not notified at the time of the report by HireRight of the publication of the adverse driving record information, including the name and address of the person who received such information. Excluded from the class definition are any employees, officers, or directors of HireRight, any attorney appearing in this case, and any

judge assigned to hear this action.

26.     The Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical.  Although the precise number of class members is known only to the Defendant, HireRight sells hundreds of thousands of reports annually, and Plaintiff believes that the class size exceeds 1,000 persons.

27.     The Plaintiff's claim is typical of those of the class members.  All are based on the same narrow set of facts and legal theories: HireRight's failure to notify consumers of consumer reports furnished to employers that included public records likely to have an adverse effect on the consumers' ability to obtain employment.

28.     HireRight's continued FCRA violations and current failure to notify consumers of reports published to employers containing public record information likely to have an adverse effect on their ability to obtain employment is especially egregious and willful given that the Defendant has already been sued in the past in this court for this exact violation.  *See Ryals v. HireRight Solutions, Inc., et al.,* Civil Action No. 3:09–cv–00625-JAG-DWD (E.D. of Virginia, 2009).

29.     The Plaintiff will fairly and adequately protect the interests of the class.  The Plaintiff has retained counsel experienced in handling FCRA class actions.  Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action.  The Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

30.     Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions would create a risk of adjudications that would

be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair their ability to protect their interests.

31.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant acted on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole.

32.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.      As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually.  Further, most consumers affected by the Defendant's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation.  Additionally, individual litigation of the uniform issues, in this case, would be a waste of judicial resources.  The issues at the core of this case are class-wide and should be resolved at one time.

33.     The Defendant's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

34.     As a result of Defendant's violations, the Plaintiff and putative class members suffered damages and are entitled to recover statutory and punitive damages and attorney fees and costs.

## COUNT III: Individual Claim
## Violation of 15 U.S.C. 1681e(b)

35.     The Plaintiff restates each allegation in the preceding paragraphs 1 through 8, 11 and 13 as if set forth at length herein.

36.     HireRight violated 15 U.S.C. § 1681e(b) by failing to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37.     HireRight failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the Plaintiff when it prepared his April 17, 2017 and May 4, 2017 report.

38.     Because of HireRight's conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, violation of his federally protected statutory rights, and publication of negative and inaccurate information to his prospective employer.

39.     HireRight's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, HireRight was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40.     The Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney fees from HireRight in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant on both his own behalf and those of the putative class members, in addition to attorney fees and costs; pre and post-judgment interest at the legal rate; injunctive and declaratory relief, including, but not limited to, an order barring the Defendant from continuing to report obsolete and adverse driver's license suspension notations in violation of 15 U.S.C. § 1681c; an order requiring Defendant to notify consumers immediately when a report is published containing driving record information likely to have an adverse effect on their ability obtain employment pursuant to 15 U.S.C. 1681k(a)(1);  and any other relief the Court deems just, equitable, and proper.

**The Plaintiff and the putative class members demand a trial by jury.**

Respectfully submitted,
**Willie Stanley, Jr.,**

By:    /s/ Leonard A. Bennett
Leonard A. Bennett VSB No. 37523
 CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com

Matthew J. Erausquin, VSB No. 65434
Tara B. Keller, VSB No. 91986
Consumer Litigation Associates,
Northern Virginia, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
Email:  matt@clalegal.com
Email:  tara@clalegal.com

*Counsel for the Plaintiffs*